UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE MICHAELE DELLOSTRITTO,<br><br>Defendant. | Case No. 1:18-cv-00698-JDP<br><br>FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS<br><br>(Doc. No. 6.)<br><br>FOURTEEN (14)-DAY OBJECTION DEADLINE<br><br>ORDER TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff Steven Wayne Bonilla ("plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. On May 29, 2018, plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. No. 6.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more actions dismissed as frivolous, as malicious, or

1

for failing to state a claim upon which relief maybe granted.[1]  Plaintiff has been informed in prior cases that he is subject to § 1915(g).[2]

The court has reviewed plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).  Plaintiff challenges the validity of a Kern County, California judgment, arguing that the trial court lacked subject matter jurisdiction over that matter, and therefore requests that the judgment be vacated and that plaintiff be released from incarceration.  (Doc. No. 1.)  Plaintiff alleges that he is "always under imminent danger of serious physical injury," because he is "under armed guard at all times, with signs posted stating 'Danger, no warning shots will be fired.'"  (*Id.* at 4.)  The mere fact of plaintiff's confinement is not sufficient to satisfy the exception from the three strikes bar under 28 U.S.C. § 1915(g).  *See Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1075-76 (D.C. Cir. 2015) ("That the prison was generally dangerous . . . was [] insufficient to demonstrate that [plaintiff] faced an ongoing threat of imminent danger.").

The undersigned concludes that plaintiff's *in forma pauperis* application should be denied because he has accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated.  *See* 28 U.S.C. § 1915(g).  Plaintiff should pay the filing fee in full.

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

---

[1] Plaintiff has filed hundreds of lawsuits throughout the state of California, including the following in U.S. district courts: (1) *Bonilla v. Santa Barbara Cty.*, Case No. 2:18-cv-00988-DMG-JPR (C.D. Cal. Feb. 13, 2018) (dismissed as frivolous, malicious, and for failure to state a claim); (2) *Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows*, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal. Feb. 5, 2018) (dismissed as frivolous, malicious, and for failure to state a claim); (3) *Bonilla v. Unknown*, 2:17-cv-07757-DMG-JPR (C.D. Cal. Oct. 27, 2017) (dismissed as frivolous, malicious, and for failure to state a claim); (4) *Bonilla v. State of Cal.*, Case No. 4:11-cv-02654-CW (N.D. Cal. June 13, 2011) (dismissing 13 civil rights actions for failure to state a claim).

[2] *See* Doc. No. 4, *Bonilla v. Santa Barbara Cty.*, Case No. 2:18-cv-00988-DMG-JPR (C.D. Cal. Feb. 13, 2018) *&* Doc. No. 4, *Bonilla v. Alameda Cty. Prosecutor Jon Goodfellows*, Case No. 2:18-cv-00685-DMG-JPR (C.D. Cal. Feb. 5, 2018).

**Findings and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's *in forma pauperis* application (Doc. No. 6) should be DENIED.
2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations.
3. If plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, all pending motions should be terminated and this action dismissed without prejudice.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: July 26, 2018

UNITED STATES MAGISTRATE JUDGE

4